**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **TERESA JIMENEZ URIBE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-20-CV-101** |
| | § | |
| **GEMINI TECH SERVICES LLC,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**NOTICE OF REMOVAL**</u>

Defendant Gemini Tech Services LLC ("Defendant") files this Notice of Removal, removing Cause No. 2020DCV0899 from the 205th Judicial District Court, El Paso County, Texas, to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. The grounds for removal of this lawsuit are as follows:

**Procedural Background**

1.      Plaintiff Teresa Jimenez Uribe Leon ("Plaintiff") filed an Original Petition on March 9, 2020 in the 205th Judicial District Court, El Paso County, Texas, styled *TERESA JIMENEZ URIBE v. GEMINI TECH SERVICES LLC*, Cause No. 2020DCV0899. The Original Petition was served on Defendant on March 19, 2020. Defendant timely answered in state court. Plaintiff's Original Petition and Defendant's Original Answer are included with the state court process, pleadings, and orders enclosed. [Exhibit A].

2.      In her Original Petition, Plaintiff claims she was discriminated against because of a disability, retaliated against for seeking accommodation, and denied reasonable accommodation. Plaintiff pleads her claims under Chapter 21 of the Texas Labor Code. [Plaintiff's Original Petition § V].

3.      Defendant is a federal contractor that provides services to the Army on Fort Bliss, Texas. [Exhibit B:   Declaration of Francis Ward].   Plaintiff was employed by Defendant exclusively on Fort Bliss, Texas and the employment decisions and actions about which Plaintiff complains were taken on Fort Bliss.   *Id.*   Accordingly, Plaintiff's claims are subject to federal enclave jurisdiction of this Court.

### FEDERAL QUESTION JURISDICTION/FEDERAL ENCLAVE

4.      Federal enclave jurisdiction is part of federal question jurisdiction.   *See Sturgeon v. Jackson*, No. EP-10-CV-244-PRM, 2011 WL 3678472 *3 (W.D. Tex. 2011) (citing *inter alia* 28 U.S.C. § 1331; *Camargo v. Gino Moreno Enterprises, L.L.C.,* No. EP–10–CV–242–KC, 2010 WL 3516186 at *2 (W.D. Tex. 2010)).   It results when a state cedes land to the United States creating a federal enclave, allowing the United States to exercise subject matter jurisdiction over claims which arise on the enclave.   *Sturgeon,* 2011 WL 3678472 *3 (citing U.S. CONST. art. I, § 8, cl. 17); *Mater v. Holley,* 200 F.2d 123, 124–25 (5th Cir.1953). "There is no doubt that Fort Bliss is a federal enclave."   *Sturgeon,* 2011 WL 3678472 *3 (citations omitted).

5.      Normally under the well-pleaded complaint rule, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint . . . ."   *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008) (citations omitted). However, where the Plaintiff has intentionally hidden the federal question through artful pleading, removal and federal question jurisdiction may still be proper.   The Fifth Circuit explains as follows:

> In analyzing the issue before us, we should also refer to the "artful pleading" doctrine, which is an "independent corollary" to the well-pleaded complaint rule. *Rivet v. Regions Bank of La.*, 533 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998).   Under this principle, even though the plaintiff has artfully avoided any suggestion of a federal issue, removal is not defeated by the plaintiff's pleading

> skills in hiding the federal question. *See id.* There is no doubt but that "[t]he artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim." *Id.* In fact, we have said that the artful pleading doctrine applies *only* where state law is subject to complete preemption. *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.,* 271 F.3d 186, 188–89 (5th Cir.2001). Federal question jurisdiction therefore exists where, because state law is completely preempted, "there is, in short, no such thing as a state-law claim." *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 11, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

*Id.*   Furthermore, the Court may consider evidence outside the pleadings to determine its jurisdiction over the case where the Court is "unable to appreciate fully the basis for its possible jurisdiction" without doing so.   *Ameen v. Merck & Co., Inc.*, 226 Fed. Apx. 363, 369 (5th Cir. 2007) (citing *inter alia Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc)).

6.      For federal enclave jurisdiction to apply in an employment discrimination case, the adverse decision made the basis for the plaintiff's claim must have been made on the federal enclave. *Sturgeon,* 2011 WL 3678472 *3 (citing *inter alia Camargo*, 2010 WL 3516186 at *2).

7.      In this case, Plaintiff fails to state in her Original Petition where she worked or where the alleged discriminatory acts took place, even though she knows she was employed on Fort Bliss. Plaintiff's artful pleadings intentionally leave out this crucial fact which gives rise to a federal issue.   Her pleadings are also so vague that they deprive the Court of the ability to appreciate the basis for its federal enclave jurisdiction.   Therefore, the Court is not restricted to the face of Plaintiff's pleadings to determine its jurisdiction and may consider the evidence submitted by Defendant.

8.      In the attached Declaration of Francis Ward, Defendant provides the Court with the facts necessary for the Court to appreciate the basis for its jurisdiction.   Plaintiff complains that Mr. Ward "demoted" her from full time to part time on or about May 1, 2018.   Defendant denies that

Plaintiff was demoted.   Nonetheless, Mr. Ward explains that he was in Building 60 on Fort Bliss when he made the decision to move Plaintiff to a part time slot on or about May 1, 2018.   Plaintiff also claims that she was denied a reasonable accommodation on or about May 1, 2018 and again in August 2018.   Plaintiff offers no description of the requested accommodation.   Mr. Ward does not recall any specific request for disability accommodation.   However, based on the dates Plaintiff alleges these events occurred, Defendant can only surmise that Plaintiff is referring to her request for medical leave.   Mr. Ward explains that he made all the decisions regarding Plaintiff's medical leave while he was in Building 60 on Fort Bliss.   Finally, Plaintiff complains that Mr. Ward terminated her employment in August 2018.   Mr. Ward explains that he made this decision and communicated it to Plaintiff while he was in Building 60 on Fort Bliss.

9.     In *Camargo*, the court had only the plaintiff's averments in his pleadings which were too vague to show that the allegedly illegal decisions were made on Fort Bliss, and the defendant's claim that the plaintiff worked on Fort Bliss, upon which to determine jurisdiction.   The court found this insufficient to show that the decisions were made on Fort Bliss, as it was the defendant's burden to do, to invoke federal enclave jurisdiction.   *Camargo*, 2010 WL 3516186 at *2.   In *Sturgeon*, the court found that the plaintiff's allegations of employment discrimination were insufficient to show that the adverse decisions were made on Fort Bliss as necessary for the court to exercise federal enclave jurisdiction.   However, the court found that the plaintiff's allegations that defendant's manager made defamatory statements in the barber shop on Fort Bliss was sufficient to show that the acts giving rise to plaintiff's defamation claims occurred on Fort Bliss, so federal enclave jurisdiction was proper as to these claims.   *Sturgeon,* 2011 WL 3678472 *5-6.

10.    Courts have held that plaintiffs cannot pursue claims under Chapter 21 on Fort Bliss because the state statute is not operative on this federal enclave.   *See Morgan v. Rankin*, No. EP-

10-CV-143-FM, 2010 WL 11545784 (W.D. Tex. 2010).    Accordingly, there is no state law claim pled in Plaintiff's Original Petition.   *Id*.

11.    In this case, there is no doubt that Fort Bliss is a federal enclave and that Defendant's decisions that give rise to Plaintiff's claims were made on Fort Bliss.    Furthermore, it is clear that Plaintiff attempted to hide the facts that give rise to the federal issue by omitting them from her pleadings, and that Plaintiff has no state law claim under Chapter 21.    For these reasons, this case is properly removed and the Court may properly exercise federal enclave jurisdiction over Plaintiff's claims.

## PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURE

12.    This Notice of Removal is filed within 30 days after receipt by Defendant, through service or otherwise, of a copy of a paper from which it may first be ascertained that the case has become removable and is timely filed under 28 U.S.C. § 1446(b).

13.    Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

14.    Defendant as the removing party will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d), and will promptly file a copy of this Notice of Removal with the Clerk of the 205th Judicial District Court, El Paso County, Texas, where the action was previously pending, also pursuant to 28 U.S.C. § 1446(d).

15.    A true and correct copy of all process, pleadings, and orders filed and served upon Defendant in the state court action is being filed with this notice as required by 28 U.S.C. § 1446(a) and attached hereto.   Defendant is also filing its corporate disclosure statement pursuant to Fed. R. Civ. P. 7.1 contemporaneously with this Notice.

WHEREFORE Defendant Gemini Tech Services LLC pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes the case styled *TERESA JIMENEZ URIBE v. GEMINI TECH SERVICES LLC*, Cause No. 2020DCV0899, from the 205th Judicial District Court, El Paso County, Texas, to this Court on this 17th day of April, 2020.

Respectfully submitted,

**AINSA HUTSON HESTER & CREWS, L.L.P.**
5809 Acacia Circle
El Paso, Texas 79912
(915) 845-5300
(915) 845-7800 – Fax

By:    */s/ Gerald G. Howard*
        **GERALD G. HOWARD**
        State Bar No. 24032309
        ghow@acaciapark.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I do hereby certify that on April 17, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:*

Raymond D. Martinez
Jonathan L.R. Baeza
Attorneys for Plaintiff
Martinez & Martinez Law Firm, PLLC
730 E. Yandell Dr.
El Paso, Texas 79902
raymond@martinezlawyers.com
jonathan@martinezlawyers.com

* A true and exact copy of this filing will also be delivered by email directly to Attorneys for Plaintiff at the email addresses listed above.

*/s/ Gerald G. Howard*
**GERALD G. HOWARD**

# Exhibit A

# State Court Process, Pleadings, And Orders



**Capitol Corporate Services, Inc.**
PO Box 1831
Austin, TX 78767
Phone: (800) 345-4647  Fax: (800) 432-3622
rassop@capitolservices.com

## Service Of Process Transmittal Notice

| ELIZABETH MARTINEZ CRAWLEY GEMINI TECH SERVICES LLC 5019 E INTERSTATE 20 SERVICE RD N WILLOW PARK TEXAS 76087-3219 | **Date Processed:** | 03/19/2020 |
|---|---|---|
| | **Completed By:** | MARY ANN QUICK |
| | **Delivery Method to Client:** | FEDEX 2 DAY LETTER |
| | **Tracking Number:** | 137232875619 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| **Date / Time Received** 03/19/2020 11:30 AM in TEXAS | **Transmittal #** TX-184375 | **Delivered to Agent by** CERTIFIED MAIL |
|---|---|---|
| **With Regard to Client** GEMINI TECH SERVICES LLC | | |
| **Title of Case or Action** THERESA JIMENEZ URIBE VS. GEMINI TECH SERVICES LLC | | |
| **Case Number** 2020DCV0899 | **Type of Document Served** COMPLAINT/PETITION | |
| **Court Name** 205TH DISTRICT, EL PASO COUNTY, TEXAS | | |

| **Note** |
|---|
| |

1-184375M

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: **GEMINI TECH SERVICES, LLC**, which may be served with process **by serving its registered agent, CAPITOL CORPORATE SERVICES, INC., at 206 E. 9TH STREET, SUITE 1300, AUSTIN, TX 78701**

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **205th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 9th day of March, 2020, by Attorney at Law JONATHAN BAEZA, 730 E. YANDELL DR., EL PASO, TX 79902 in this case numbered **2020DCV0899** on the docket of said court, and styled:

### TERESA JIMENEZ URIBE
### VS
### GEMINI TECH SERVICES, LLC

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure, First Request for Production of Documents and Things to Defendant, Plaintiff's First Set of Interrogatories to Defendant** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 13th day of March, 2020.

Attest: NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

_____ , Deputy
Veronica Cables

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of
_____, 2020, at _____ I mailed to

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure, First Request for Production of Documents and Things to Defendant, Plaintiff's First Set of Interrogatories to Defendant** attached thereto.

| *NAME OF PREPARER | | | TITLE |
|---|---|---|---|
| ADDRESS | | | |
| CITY | | STATE | ZIP |

_____

TITLE

El Paso County - 205th District Court

Filed 3/9/2020 2:44 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0899

| | |
|---|---|
| **TERESA JIMENEZ URIBE,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **vs.** | § |
| | § |
| **GEMINI TECH SERVICES LLC,** | § |
| | § |
| **Defendant.** | § |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

Plaintiff, TERESA JIMENEZ URIBE (hereinafter referred to as "Plaintiff") complaining of GEMINI TECH SERVICES LLC (hereinafter referred to as "Defendant"), and for a cause of action would respectfully show this Court the following:

### I. Discovery Control Plan

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

### II. Parties

Plaintiff is a resident of the County of El Paso, Texas.

Defendant, GEMINI TECH SERVICES LLC is a Texas company doing business in El Paso County, Texas and may be served with process by serving its registered agent CAPITOL CORPORATE SERVICES, INC., at 206 E. 9th Street, Suite 1300, Austin, Texas 78701, or any authorized officer or agent of the company wherever he/she may be found.

### III. Jurisdiction

This Court has subject matter jurisdiction because district courts are constitutional courts of general jurisdiction.

This Court has personal jurisdiction, both specific and general, over Defendant because it does business in Texas. Additionally, Plaintiff's cause of action arose in Texas and Defendant is

amenable to service by a Texas Court.

## IV. Venue

Venue is proper in El Paso County because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred there. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

## V. Facts

Plaintiff was hired by Defendant as a SRRP Clerk. Defendant is an "employer" and the Plaintiff is an "employee" as those terms are defined in the Texas Commission on Human Rights Act, Texas Labor Code Section 21.000 *et seq.* At all times relevant, the Plaintiff was employed by the Defendant. At all relevant time, Plaintiff was qualified for his position.

During her employment, Plaintiff suffered from impairments which substantially limits one or more major life activities. Defendant had knowledge of said impairments.

On or about May 1, 2018, Plaintiff requested accommodations for her impairments.

On or about May 3, 2018, manager, Francis Ward, demoted Plaintiff from full time to part time employment.

On or about August 13, 2018, Plaintiff requested an additional accommodation.

Defendant repeatedly told Plaintiff to inform the doctor that she needed a release to return to work.

On or about August 15, 2018, Mr. Ward terminated Plaintiff's employment. Mr. Ward stated that Plaintiff needed to take care of her medical issues.

The reasons for Plaintiff's termination are pretext for discrimination and retaliation.

## VI. Administrative Requisites Are Satisfied

On or about September 11, 2018, Plaintiff filed a formal charge of discrimination bearing charge no. 453-2018-01570 simultaneously with the Equal Employment Opportunity Commission

(EEOC) and the Texas Workforce Commission Civil Rights Division. Plaintiff was issued a Notice of Right to sue form the EEOC.

This petition was timely filed and all conditions precedent to the filing of this suit have been performed or have occurred.

## VII. Causes of Action

Plaintiff incorporates the previous section V and VI herein for all purposes.

### Discrimination, Retaliation, Failure to Accommodate and Hostile Work Environment.

The facts set forth above are incorporated by reference as if fully set forth herein. Plaintiff believes that she has been discriminated against on the basis of disability. Further, Defendant denied Plaintiff a reasonable accommodation and failed to participate in the interactive process in good faith. Defendant retaliated against Plaintiff because of her participation in protected activity, which resulted in a hostile work environment. The aforementioned acts of Defendant constitute unlawful discrimination in violation of the Tex. Labor Code, Section 21.001 *et. seq.* and the expanded coverage under Texas law.

## VIII. Damages

**Damages.** Plaintiff sues for actual damages proximately caused or otherwise produced by Defendant's conduct, which damages include, but are not necessarily limited to: past and future pain and suffering, mental anguish, shame, fear, humiliation, depression, embarrassment, anxiety, severe stress, damage to personal and professional reputation, loss of enjoyment of life, inconvenience, and other personal harms. Plaintiff also sues for past and future lost wages, and lost earning or employment capacity.

Plaintiff's damages are within the court's jurisdictional limits. Pursuant to the amendment of Texas Rule of Civil Procedure 47, Plaintiff pleads as stated in the Rule: (4) monetary relief over $200,000 but not more than $1,000,000. In addition, Plaintiff is seeking nonmonetary relief. *See*

Tex. R. Civ. P. 47.

## IX. Attorney's Fees

Plaintiff seeks attorney's fees to the extent he is a prevailing party.

## X. Request For Relief

Based on the foregoing, Plaintiff requests that Defendant appears and answer, and that on

final trial of this lawsuit, Plaintiff have final judgment against Defendant for the following relief:

a.  All reasonable damages;
b.  Exemplary damages;
c.  Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;
d.  Judgment against Defendant for liquidated damages for the maximum amount allowed by law, including doubling of all back pay awarded, if applicable;
e.  Plaintiff is seeking injunctive relief and reinstatement;
f.  An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation(s) of Tex. Labor Code, Section 21.001, *et. seq'*
g.  Pre-judgment and post-judgment interest at the maximum amount allowed by law;
h.  Costs of suit, including attorney's fees; and
i.  The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

## XI. Jury Demand

Plaintiff demands a jury on all issues so triable. She has tendered the appropriate fee.

## XII. Request for Disclosure

Pursuant to Rule 194, you are requested to disclose within fifty (50) days of the service of

this request, the information or material described in Rule 194.2. With regard to the material

described in Rule 194.2(b), please answer to the full extent authorized by the rules, which should

include the names of all individuals and entities with an ownership interest in the business.

## XIII. Prayer

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendant be cited to

appear and answer and that upon final hearing she obtain judgment providing her with all

compensatory damages sought herein, punitive damages, pre-judgment interest, post-judgment

interest, attorney's fees, costs of court, and such other relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
730 E. Yandell Dr.
El Paso, Texas 79902
(915) 541-1000
(915) 541-1002 (Facsimile)

By:  */s/ Jonathan L.R. Baeza*
**RAYMOND D. MARTINEZ**
State Bar No. 24002537
raymond@martinezlawyers.com
**JONATHAN L.R. BAEZA**
State Bar No. 24092066
jonathan@martinezlawyers.com

El Paso County - 205th District Court

Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0899

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____     COURT *(FOR CLERK USE ONLY):* _____

STYLED TERESA JIMENEZ URIBE V GEMINI TECH SERVICES, LLC

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br><br>Jonathan L.R. Baeza | Email:<br><br>jonathan@martinezlawyers.com | Plaintiff(s)/Petitioner(s):<br><br>Teresa Jimenez Uribe | ☒Attorney for Plaintiff/Petitioner<br>☐*Pro Se* Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br><br>730 E. Yandell Dr. | Telephone:<br><br>915-541-1000 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br><br>El Paso, Texas 79902 | Fax:<br><br>915-541-1002 | Defendant(s)/Respondent(s):<br><br>Gemini Tech Services, LLC | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: | State Bar No:<br><br>TX-24092066 | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law |
|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** / **Post-judgment Actions (non-Title IV-D)** |

| *Debt/Contract* | ☐Assault/Battery | ☐Eminent Domain/ | ☐Annulment | ☐Enforcement |
|---|---|---|---|---|
| ☐Consumer/DTPA | ☐Construction | Condemnation | ☐Declare Marriage Void | ☐Modification—Custody |
| ☐Debt/Contract | ☐Defamation | ☐Partition | *Divorce* | ☐Modification—Other |
| ☐Fraud/Misrepresentation | *Malpractice* | ☐Quiet Title | ☐With Children | **Title IV-D** |
| ☐Other Debt/Contract: | ☐Accounting | ☐Trespass to Try Title | ☐No Children | ☐Enforcement/Modification |
| | ☐Legal | ☐Other Property: | | ☐Paternity |
| *Foreclosure* | ☐Medical | | | ☐Reciprocals (UIFSA) |
| ☐Home Equity—Expedited | ☐Other Professional | | | ☐Support Order |
| ☐Other Foreclosure | Liability: | **Related to Criminal** | **Other Family Law** | **Parent-Child Relationship** |
| ☐Franchise | | **Matters** | | |
| ☐Insurance | ☐Motor Vehicle Accident | ☐Expunction | ☐Enforce Foreign | ☐Adoption/Adoption with |
| ☐Landlord/Tenant | ☐Premises | ☐Judgment Nisi | Judgment | Termination |
| ☐Non-Competition | *Product Liability* | ☐Non-Disclosure | ☐Habeas Corpus | ☐Child Protection |
| ☐Partnership | ☐Asbestos/Silica | ☐Seizure/Forfeiture | ☐Name Change | ☐Child Support |
| ☐Other Contract: | ☐Other Product Liability | ☐Writ of Habeas Corpus— | ☐Protective Order | ☐Custody or Visitation |
| | List Product: | Pre-indictment | ☐Removal of Disabilities | ☐Gestational Parenting |
| | | ☐Other: _____ | of Minority | ☐Grandparent Access |
| | ☐Other Injury or Damage: | | ☐Other: | ☐Parentage/Paternity |
| | | | | ☐Termination of Parental |
| | | | | Rights |
| **Employment** | **Other Civil** | | | ☐Other Parent-Child: |
| ☒Discrimination | ☐Administrative Appeal | ☐Lawyer Discipline | | |
| ☒Retaliation | ☐Antitrust/Unfair | ☐Perpetuate Testimony | | |
| ☒Termination | Competition | ☐Securities/Stock | | |
| ☐Workers' Compensation | ☐Code Violations | ☐Tortious Interference | | |
| ☐Other Employment: | ☐Foreign Judgment | ☐Other: _____ | | |
| | ☐Intellectual Property | | | |

| **Tax** | | **Probate & Mental Health** | |
|---|---|---|---|
| ☐Tax Appraisal | *Probate/Wills/Intestate Administration* | ☐Guardianship—Adult | |
| ☐Tax Delinquency | ☐Dependent Administration | ☐Guardianship—Minor | |
| ☐Other Tax | ☐Independent Administration | ☐Mental Health | |
| | ☐Other Estate Proceedings | ☐Other: _____ | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | | |
|---|---|---|---|
| ☐Appeal from Municipal or Justice Court | ☐Declaratory Judgment | | ☐Prejudgment Remedy |
| ☐Arbitration-related | ☐Garnishment | | ☐Protective Order |
| ☐Attachment | ☐Interpleader | | ☐Receiver |
| ☐Bill of Review | ☐License | | ☐Sequestration |
| ☐Certiorari | ☐Mandamus | | ☐Temporary Restraining Order/Injunction |
| ☐Class Action | ☐Post-judgment | | ☐Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

El Paso County - 205th District Court

Filed 3/9/2020 4:04 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0899

## IN THE 205ᵀᴴ JUDICIAL DISTRICT COURT
## EL PASO COUNTY, TEXAS

| | |
|---|---|
| **TERESA JIMENEZ URIBE,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **vs.** | § **CAUSE NO. 2020DCV0899** |
| | § |
| **GEMINI TECH SERVICES LLC,** | § |
| | § |
| **Defendant.** | § |

### FIRST REQUEST FOR PRODUCTION OF
### DOCUMENTS AND THINGS TO DEFENDANT

TO:     GEMINI TECH SERVICES LLC, Defendant, by and through their attorney of
record.

Pursuant to the Texas Rules of Civil Procedure, you are hereby requested to produce for

inspection, copying or photographing, the following documents or tangible things, including:

"papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape

recordings, and any other data, compilations...and any other tangible things which constitute or

contain matters relevant to the subject matter herein." Rule 166b at the following location:

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
730 E. Yandell Dr.
El Paso, Texas 79902
(915) 541-1000
(915) 541-1002 (Facsimile)

at the following time:

10:00 a.m.

### FIFTY ONE (51) DAYS AFTER SERVICE.
All documents and things produced pursuant to this REQUEST shall be in original and

unaltered form except, where designated in the specific REQUEST, photocopies may be

substituted.

Page 1 of 14

Further, all documents shall be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request," as provided in Rule 167(1)(f).

Further you are hereby requested to supplement this Request as mandated by Rule 166b(6). If you fail to respond properly to this REQUEST or fail to supplement your response, Plaintiffs will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 167(1)(d) is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

## I.
## DEFINITIONS

1. "Defendant" or "Gemini Tech" means Defendant in the above entitled and numbered cause, and all of its agents, employees and representatives.

2. "Uribe" or "Plaintiff" means Teresa Jimenez Uribe, Plaintiff in the above entitled and numbered cause.

3. "EEOC" means Equal Employment Opportunity Commission.

4. "TWC" means Texas Workforce Commission.

Page 2 of 14

5.      The plural of any word used herein included the singular, and the singular includes the plural.

6.      The masculine gender of any word used herein includes the feminine and the neuter.

7.      The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

8.      You are under a continuing duty to supplement your answers to these discovery requests.

9.      Document means an instrument on which is recorded, by means of letters, figures, or marks, matters conveying information. Documents refer to, but are not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic or video taped recordings, and any other data compilations from which information can be obtained and translated, if necessary, by the person from whom production is sought into a reasonably useable form, including photographs

10.     Person means any natural person, firm, corporation, partnership, joint venture, or any other form of business entity.

11.     Communication means a transmission or conveyance of knowledge, or information, about a subject by verbal or written means.

12.     Pertaining to means relating, referring, reflecting, evidencing, refuting, constituting (in whole or in part), or having any relationship to the subject matter of the Request.

13.     Complaint means Plaintiff's Original Petition, filed by Teresa Jimenez Uribe in the above entitled and numbered cause, and all amendments and supplements thereto.

## II.

## INSTRUCTIONS FOR PRODUCTION OF DOCUMENTS

1.      In answering the Requests for Production of Documents, furnish such information as is available to you, not merely such information as is of your knowledge. These Requests include knowledge of your current or former agents, representatives, employees, officers, and directors and, unless claimed to be privileged, their attorneys, investigators, agents, employees and representatives.

2.      If an individual Request for a document calls for an answer which involves more than one part, each part of the answer shall be clearly set out so that it is understandable.

3.      Your response to these Requests should include production of electronic or magnetic data reduced to written form which is reasonably available to you in your ordinary course of business. If you cannot, through reasonable efforts, retrieve the data or information

Page 3 of 14

requested or produce it in written form, you must state an objection complying with the Texas Rules of Civil Procedure.

4.    If any document requested was at one time in existence, but is no longer in existence, please so state, and specify for each such document: (a) the type of document; (b) the type of information contained therein; (c) the date on which the document ceased to exist; (d) the circumstances under which the documents cease to exist; and (e) the full name, job title and business address of all persons having knowledge of the contents of such document and/or having knowledge of how the document ceased to exist.

## REQUEST FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:
All documents pertaining to Plaintiff's employment with Defendant, including Plaintiff's personnel file, evaluations, discipline file, medical file, or any other file related to her employment maintained by Defendant.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2:
All correspondence or documents related to any disciplinary action taken by Defendant against Plaintiff while she was employed by Defendant.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3:
Any and all documents that relate to Plaintiff's requests for reasonable accommodations and separation from employment.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4:
All documents and/or correspondence pertaining to any positions or promotions applied for by Plaintiff while employed by Defendant.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5:
Any and all documents that relate to any employee working with restrictions for the period beginning five years prior to Plaintiff's termination to the present. This includes but is not limited to any medical notes or documentation that describes the type of medical restriction.

### RESPONSE:

**REQUEST FOR PRODUCTION NO. 6**:
Any and all documents that relate to any complaints from any Defendant employees about Plaintiff receiving modified duties or accommodations.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**
Copies of all documents that you have obtained pertaining to Plaintiff's earnings and/or income, including but not limited to documents reflecting Plaintiff's potential earnings/income with Defendant and/or at any other employer.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**
All documents pertaining to any job Plaintiff performed or held while employed by Defendant, including but not limited to job descriptions, job duties, and essential job functions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**
All correspondence between Defendant and Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**
Provide all Defendant's internal memoranda including e-mails (including deleted e-mails) by or between Defendant's agents and employees, except those documents covered by the attorney-client privilege, on the subject of Plaintiff or on the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**
Provide a copy of any and all documents signed, adopted, or obtained through an authorization signed by Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**
Provide a copy of Defendant's complete investigation file or files into all of Plaintiff's claims of discrimination, retaliation, or lack of accommodation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**
Provide a copy of all documentation constituting or memorializing all communications, whether oral, written or electronic, including correspondence, reports, notes, memoranda, faxes, or e-mails

Page 5 of 14

(including deleted e-mails) between Defendant's employees and any investigator or any state or federal governmental agency (for example, DOL, EEOC or TWC) relating to Plaintiff's employment, taxes, benefits, and/or report of discrimination.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**
Any policies of insurance which might be used to satisfy a judgment in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**
Provide a copy of all certified and audited financial reports for Defendant over the last five years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**
Any indemnity agreement between Defendants in this cause for any allegations made the subject of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**
A copy of any legal documents that explain Defendants' status as a corporation, partnership or other business entity licensed or authorized to do business in this state.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**
Any and all documents, diagrams, or organizational charts that indicate the corporate hierarchy or structure of the Defendant for the period beginning five years prior to Plaintiff's discipline to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**
For each claim filed against you where it was alleged that a person was discriminated against (limited to disability), retaliated against or wrongfully terminated for a period of three years prior to Plaintiff's termination to the present, produce:

    a.    Copies of all internal grievances or complaints.
    b.    Copies of all charges of discrimination and investigative files.
    c.    Copies of all pleadings, judgments and settlements thereon.
    d.    Any documents which reflect the name and address of the Plaintiff.
    e.    Any documents which reflect the date of the lawsuits.
    f.    Any documents which reflect the style and location of the lawsuit.

g.    Any documents which reflect the name and address of Plaintiff's attorney.
h.    Any documents which reflect the nature of Plaintiff's damages.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**
Any and all documents that relate to all complaints received by Defendant regarding FMLA or medical leave on the part of Defendant for the period beginning five years prior to Plaintiff's termination to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**
Any and all documents that relate to employee terminations or resignations related to disability, inability to work, medical reasons, FMLA or medical leave for Defendant for the period beginning five years prior to Plaintiff's termination to the present, including the date of termination, the reason for termination, date of birth of the terminated employee, the supervisors involved, and the name of all persons terminated.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**
Copies of your EEO-1 reports for the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**
A copy of Defendants' general company rules, employee handbook, employee manual, manager's handbook, standard operating procedure or any other written policy given to employees of Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**
Provide all documentation including videos, manuals, notebooks, pamphlets, posters and "company" or internal memoranda and e-mails (including deleted e-mails) given to or shown to Defendant's employees over the last five (5) years regarding illegal discrimination.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**
If Defendant's employees or agents have received any training via courses or classes regarding illegal discrimination over the last five years, please provide all documentation showing attendance in such courses or classes and all class or course material including videos, manuals, notebooks, pamphlets and posters received during such training.

Page 7 of 14

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**

All documents, training material, video, or audio pertaining to Defendant's requirements, procedures, or rules regarding:

1) Termination;
2) Discipline;
3) Accommodations;
4) Discrimination:
5) Discrimination Complaints;
6) Investigation of Discrimination Complaints;
7) Retaliation;
8) FMLA or other leave;
9) Absences; and
10) Any other relevant policy related to Plaintiff's discipline and termination.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**

Provide any and all documentation including videos, manuals, notebooks, pamphlets and posters, provided to or shown to Plaintiff at the time of hiring or during the course of his employment with Defendant relating to illegal discrimination in the work place, or investigations thereof.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**

Provide a copy of Defendant's policies and procedures relating to any actions taken or to be taken by Defendant in response to a claim of illegal discrimination by an employee, including, Defendant's policies or procedures for investigating such claims of illegal discrimination in the work place.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**

All written policy statements in effect for the period of three years prior to Plaintiff's termination to the present, including employee rating criteria, record keeping requirements, rules (including rules for employee work performance), grievance procedures, disciplinary and discharge policy and supervisors or management manuals.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**

Any and all memorandums, contract, employee agreements you present to employees upon termination which have any provisions where you require terminated employee's agreement not to testify in any court proceedings against you.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**
Any and all documents containing information regarding any and all employees disciplined or terminated by Defendants in Texas for the same reason as Plaintiff, for a period of five years prior to Plaintiff's termination to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**
Any and all documents containing information regarding any and all employees disciplined for failure to return to work," "requesting leave beyond FMLA protected leave" or "exceeding leave" in Texas, for a period of five years prior to Plaintiff's separation to the present, including but not limited to any disciplinary report or action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**
Any and all documents containing information regarding any employee who failure to return to work," "requesting leave beyond FMLA protected leave" or "exceeding leave" but was NOT disciplined or was NOT terminated as a result for a period of five years prior to Plaintiff's termination to the present in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**
Any and all documents containing any information regarding the name, address, phone number, date of birth, date of hire, disciplinary action (if any), reason for disciplinary action (if any) and job description of any and all employees who worked at the same location as Plaintiff in El Paso County, Texas for a period of five years prior to Plaintiff's termination to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**
The complete employee file of any member of management that was involved in the decision regarding Plaintiff's accommodation requests, discipline, termination, and performance evaluations, including but not limited to any disciplinary actions, resume, educational background, training, performance reviews, wage information and application for employment.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**
Any and all documents containing information regarding the salary and bonuses of any individual that was involved in the decision regarding Plaintiff's accommodation requests, discipline, termination, and performance evaluations for a period of three years prior to Plaintiff's termination to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**
Any and all documents containing information regarding the individual that replaced Plaintiff OR otherwise assumed the duties previously performed by Plaintiff, including but not limited to the individual's complete employee file, including but not limited to any application for employment, disciplinary actions, training documents, hiring documents, and wage information.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**
Any and all written or recorded statements which Defendant, its attorneys or anyone acting on its behalf, have obtained from any past or present employee or representative of Defendant regarding the claims or defenses made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**
Any and all documents prepared by, reviewed by, or provided to, each expert witness you may call at the trial of this matter, in anticipation of the expert's trial and/or deposition testimony.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**
Any and all documents consisting of any contacts or communications, written or oral, in person or by telephone, concerning the subject matter of this litigation, by or between Plaintiff, her agents or representatives and you, your agents, representatives, servants or employees (other than correspondence between counsel, pleadings, motions, orders, and discovery material).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:**
Any and all tape recordings or electrical or mechanical recordings, or transcriptions of any type or nature of communications relating to the subject matter of this litigation by or between Plaintiff, her agents, or representatives (including physicians) and you, your agents, representatives, servants or employees.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:**
Any and all documents reflecting your meetings, interviews, or discussions with Plaintiff regarding the subject of this lawsuit. This excludes attorney work product and attorney client communications, unless such will be relied upon as a defense in this case, in which case they are specifically included in this request.

Page 10 of 14

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:**
All documents prepared by any of Defendant's experts for trial, any notes or memoranda reflecting or describing the expert's findings, opinions and conclusions, and any charts, graphs, computer programs, or statistical summaries which the expert intends to utilize or rely upon at the time of trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:**
All documents which describe, depict, or relate to the qualifications and expertise of each expert whom you reasonably anticipate will testify at the time of trial including the expert's resume or curriculum vitae, and any listing of articles, books, manuscripts or other such publications authored by that expert.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:**
All documents containing data or information which you reasonably anticipate to present in a condensed or summary form at the time of trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:**
Any records disclosing the names, addresses and phone numbers of all persons with knowledge of the relevant facts and circumstances in any way related to the issues involved in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:**
Any and all oral or written statements of any employee, witness or customer regarding any allegations in this suit or any underlying investigation which resulted in Plaintiff's termination or separation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:**
All documents obtained through deposition by written questions at the request of Defendants.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**
Any and all documents that relate to any and all jobs, permanent or temporary, for all employees for Defendant for the period beginning five years prior to Plaintiff's termination or separation to the present. This includes but is not limited to any job advertisements or openings and job descriptions.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:**
All documents evidencing the hiring of any individual for a position held by Plaintiff OR for any person who assumed any of Plaintiff's duties or in any capacity that Plaintiff was employed, from the date of Plaintiff's termination or separation to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:**
All documents evidencing the hiring of any individual for any position in El Paso, Texas from for a period of 3 year prior to Plaintiff's termination or separation to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:**
All disciplinary documents for any employee who was **unable to return to work with "no restrictions" or with a full work release** for the period beginning five years prior to Plaintiff's termination to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:**
All disciplinary documents for any employee who **returned to work with "work restrictions" or with a limited work release** for the period beginning five years prior to Plaintiff's termination to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:**
All warnings, counseling, or discipline related to **medical leave** issued by Defendant for any employee infractions for the period of three years prior to Plaintiff's termination to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:**
All documents that **grant any employee permission or the opportunity to return to work** with "work restrictions" or with a limited work release for the period beginning five years prior to Plaintiff's termination to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:**
Any and all documents related to why Plaintiff was denied or considered for a reasonable accommodation(s) during her employment or after her separation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:**
Any and all documents that relate to all efforts and actions by Defendant to search and/or identify accommodations for Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:**
Any and all documents related to all efforts and actions by Defendant to search and/or identify accommodations for any employee for the period beginning five years prior to Plaintiff's termination to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:**
Any and all documents that relate to any communications, conversations or phone calls from Plaintiff with Defendant related to the search and/or request for accommodations or for an alternate job or position. This includes but is not limited to any phone calls the facility where Plaintiff was working, or any corporate phone line or hotline.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:**
Any and all documents that relate to any interactive process regarding Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:**
Any and all documents related to the assertion made by Defendant that accommodating Plaintiff would have constituted an undue hardship on Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:**
Any and all documents that prove the assertion that granting Plaintiff restricted or modified duty would have constituted an undue hardship.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:**
Any and all documents regarding research conducted by Defendant on the subject of an accommodation for Plaintiff, specifically regarding budgets and undue hardship.

**RESPONSE:**

Page 13 of 14

**REQUEST FOR PRODUCTION NO. 64:**
Any and all documents or lists that indicate the job duties, job location, and jobs given to employees that have work-related injuries or non-work-related injuries or illness that prevent employee from performing the job duties for which they were hired for the period beginning five years prior to Plaintiff's termination to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:**
Any and all documents containing any information regarding any of the information requested in Plaintiff's Interrogatory which was served in this cause, including but not limited to any email messages, memos, notes, reports, reviews or memos.

**RESPONSE:**

Respectfully submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
730 E. Yandell Dr.
El Paso, Texas 79902
(915) 541-1000
(915) 541-1002 (Facsimile)

By:     */s/ Jonathan L.R. Baeza*
        **RAYMOND D. MARTINEZ**
        State Bar No. 24002537
        raymond@martinezlawyers.com
        **JONATHAN L.R. BAEZA**
        State Bar No. 24092066
        jonathan@martinezlawyers.com

El Paso County - 205th District Court

Filed 3/9/2020 4:04 PM
Norma Favela Barceleau
District Clerk
El Paso County
2020DCV0899

## IN THE 205TH JUDICIAL DISTRICT COURT
## EL PASO COUNTY, TEXAS

| | |
|---|---|
| **TERESA JIMENEZ URIBE,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **vs.** | § **CAUSE NO. 2020DCV0899** |
| | § |
| **GEMINI TECH SERVICES LLC,** | § |
| | § |
| **Defendant.** | § |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:    Defendant, by and through their attorney of record.

You are hereby served with Interrogatories pursuant to the Texas Rules of Civil Procedure, to be answered by you separately and fully in writing under oath. Your answers to interrogatories are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified by the persons making them. You are to serve your answers upon Plaintiff fifty-one (51) days after you receive these interrogatories. If you object to answering these Interrogatories, any Interrogatory or part thereof, you shall serve your objection upon Plaintiffs in writing within fifty-one (51) days after you receive these Interrogatories. You are advised it is not a ground for objection that an interrogatory involves an opinion or contention that relates to fact or application of law to fact. As to all those interrogatories or parts thereof to which you do not file written objections, you are to answer them or the parts thereof within fifty-one (51) days from the date you receive these interrogatories. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rules of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiff will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure.

## I.

## DEFINITIONS

1. "GEMINI TECH" or "Defendant" means Defendant **GEMINI TECH SERVICES LLC** in the above entitled and numbered cause, and all of its agents, employees and representatives.

2. "Uribe" or "Plaintiff" means TERESA JIMENEZ URIBE, Plaintiff in the above entitled and numbered cause.

3. EEOC means Equal Employment Opportunity Commission.

4. TWC means the Texas Workforce Commission.

5. The plural of any word used herein included the singular, and the singular includes the plural.

6. The masculine gender of any word used herein includes the feminine and the neuter.

7. The past tense of any verb used herein includes the present tense, and the present tense includes the past tense.

8. You are under a continuing duty to supplement your answers to these discovery requests.

9. "Document" means an instrument on which is recorded, by means of letters, figures, or marks, matters conveying information. Documents refer to, but are not limited to, papers, books, accounts, drawings, graphs, charts, photographs, electronic or video taped recordings, and any other data compilations from which information can be obtained and translated, if necessary, by the person from whom production is sought into a reasonably useable form, including photographs.

10. "Identify" when used in reference to any document means:
    a. To set forth the day of its preparation, and if applicable, its execution, type of document, name or names and addresses of the person or persons, authorizing, causing, issuing, or communicating said document(s);
    b. To set forth the document's title, if any;
    c. To describe the relevant page or pages and line or lines thereof;
    d. To summarize the documents contents; and
    e. To set forth its present location and each of its present custodians.

11. "Person" means any natural person, firm, corporation, partnership, joint venture, or any other form of business entity.

12. "Identify" when used in reference to a person, means to state:
    a. The person's full name and present or last known address;
    b. The person's present or last known employment position or job title, or business affiliation; and
    c. The person's present or last known telephone number.

13. "Communication" means a transmission or conveyance of knowledge, or information, about a subject by verbal or written means.

14. "Identify" when used in reference to a communication means to state:
    a. The date of the communication;
    b. The name of the originator of the communication;
    c. The name of the recipient of the communication; and

d.    The type of communication (<u>i.e.</u>, letter, telephone conference, office conference, face-to-face conversation, etc.), or some other means of identifying the communication.

15.    "Pertaining to" means relating, referring, reflecting, evidencing, refuting, constituting (in whole or in part), or having any relationship to the subject matter of the Interrogatory.

16.    "Petition" means Plaintiff's Original Petition filed by Teresa Jimenez Uribe in the above entitled and numbered cause, and all amendments and supplements thereto.

## INTERROGATORIES

**INTERROGATORY NO. 1:** State the name, address, principal place of business and financial net worth of Plaintiffs employer, the subject of this suit.

### ANSWER:

**INTERROGATORY NO. 2:** For the duration of Plaintiff's employment state the value of Plaintiff's wages including the value of all fringe benefits (vacation time, longevity time, insurance coverage, overtime pension plan, etc.).

### ANSWER:

**INTERROGATORY NO. 3:** State the name and job title of any person who was involved in the decision to terminate Plaintiff and state the reason given for her termination, including all facts, policies and evidence used to make the decision and state the date when the decision was made, including the name of any employee who may have approved the decision.

### ANSWER:

**INTERROGATORY NO. 4:** State the names of any individuals involved in any investigation regarding Plaintiff's claims of discrimination and retaliation, and state the results of the investigation, if any.

### ANSWER:

**INTERROGATORY NO. 5:** Please explain how the decision was made to terminate Plaintiff and identify any and all notes, memos, emails, correspondence or other documents that explain the decision, including but not limited to any email messages to or from any individual involved in any decision to terminate Plaintiff.

### ANSWER:

**INTERROGATORY NO. 6:** List each employee that has been hired by Defendants to perform any duties previously held by Plaintiff OR otherwise assumed any such duties since the date of Plaintiffs termination, including the individual's name, address, phone number, wage rate, date of hire, date of

termination (if any), reason for termination (if any), date of birth and state in which capacity that person has been employed since the date of Plaintiffs termination to the present day.

## ANSWER:

**INTERROGATORY NO. 7:** State the name, address and phone number of all employees that have made claims (i.e. internal, EEOC, TWC or lawsuits) of disability discrimination, retaliation or unlawful termination for a period of three years prior to the date of Plaintiff's termination to the present in Texas, including the cause numbers, identity of the parties involved and the court and county where suit was filed.

## ANSWER:

**INTERROGATORY NO. 8:** If it is Defendant's contention that Plaintiff was terminated from her position with Defendants due to the application of a company policy, please describe the policy in detail and state the reason for such contention and please state the name, address, phone number, job description, wage rate, date of hire, date of birth, date of termination of any employee who was terminated for the same reason in the five years prior to Plaintiff's termination to the present.

## ANSWER:

**INTERROGATORY NO. 9:** Please state the name, address, phone number, job description, location, wage rate, date of hire, date of birth, date of any disciplinary action (if any), reason for disciplinary action (if any), date of termination (if any) and reason for termination (if any) of any employee who was disciplined for "failure to return to work," "requesting leave beyond FMLA protected leave" or "exceeding leave" in Texas for a period of five years prior to Plaintiff's termination to the present.

## ANSWER:

**INTERROGATORY NO. 10:** If it is Defendants' contention that Plaintiff was terminated from her position with Defendants due to the application of company policy, please describe the policy in detail and state the reason for such contention and please state the name, address, phone number, job description, wage rate, date of hire and date of birth of any employee "failure to return to work," "requesting leave beyond FMLA protected leave" or "exceeding leave" and was NOT disciplined or was NOT terminated for a period of five years prior to Plaintiff's termination to the present in Texas.

## ANSWER:

**INTERROGATORY NO. 11:** Please state the name, address, phone number, job description, location, wage rate, date of hire, date of birth, date of any disciplinary action, reason for disciplinary action, date of termination (if any) and reason for termination (if any) of any employee who was working for Defendants Texas as a SRRP Clerk for a period of five years prior to Plaintiff's termination to the present.

## ANSWER:

**INTERROGATORY NO. 12:** Explain in reasonable detail all the statements made by Defendant to the Department of Labor, and statements made by the Department of Labor and relied upon by Defendant for the purposes of terminating Plaintiff. Include the dates of contact with the DOL and the names of individuals with the DOL Defendant spoke with.

**ANSWER:**

**INTERROGATORY NO. 13:** State the name, address, phone number of any person employed by Defendants who was involved in any investigation of Plaintiffs complaint of discrimination (EEOC charge no. 453-2018-01570) or was otherwise made aware of any such complaint prior to her termination.

**ANSWER:**

**INTERROGATORY NO. 14:** Describe how the Defendant records, tracks and/or retains information concerning its employees and/or potential employees medical conditions and leave, including a description of all types of records kept, electronic databases/communications, methods for contacting employees and/or any other manner of recording information.

**ANSWER:**

**INTERROGATORY NO. 15:** If Defendant has information that any person identified by either side as a person with knowledge of relevant facts has any criminal conviction, state the identify of such individual, the date of such conviction, the crime of which such person was convicted and the county in which such conviction occurred.

**ANSWER:**

**INTERROGATORY NO. 16:** Describe all job duties, prior to Plaintiff's termination or separation, to which you contend Plaintiff failed to perform or performed poorly, including the basis for such contention and the identity of the person making such contention.

**ANSWER:**

**INTERROGATORY NO. 17:** Describe in reasonable detail, Defendant's policies and procedures for investigating an employee's claim of illegal workplace discrimination.

**ANSWER:**

**INTERROGATORY NO. 18:** Describe and identify any training, including by way of courses, classes or other mediums, whether formal or informal, which Defendant's agents and employees have been provided on the subject of illegal work place discrimination and the name, address, telephone number and job title, Defendant's agents or employees who had received any of the training.

**ANSWER:**

**INTERROGATORY NO. 19:** Identify and briefly describe any efforts to accommodate Plaintiff's job duties during Plaintiff's employment with Defendant.

**ANSWER:**

**INTERROGATORY NO. 20:** Identify by name, address, telephone number and job title, and date of birth all Defendant employees that have been permitted to work on a light duty, modified duty, or restricted basis the past five years, and the duration of time spent on such duty.

**ANSWER:**

**INTERROGATORY NO. 21:** List the name, date of hire, date of separation, job title, and date of birth of every employee that has worked with Defendant in El Paso, Texas from 2016 to present.

**ANSWER:**

Respectfully submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
730 E. Yandell Dr.
El Paso, Texas 79902
(915) 541-1000
(915) 541-1002 (Facsimile)

By:  */s/ Jonathan L.R. Baeza*
  **RAYMOND D. MARTINEZ**
  State Bar No. 24002537
  raymond@martinezlawyers.com
  **JONATHAN L.R. BAEZA**
  State Bar No. 24092066
  jonathan@martinezlawyers.com

U.S. POSTAGE PAID
FCM LG ENV
EL PASO, TX
79902
MAR 15, 20
AMOUNT
**$7.05**
R2305H128701-06

78701

1000

7019 1120 0001 4290 4416

Dwyane
P.O. Box 413
El Paso, TX 79914

Capitol Corporate Services Inc.
206 E. 9th Street Suite 1300
Austin, TX 78701

## IN THE 205th JUDICIAL DISTRICT COURT
## EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| **TERESA JIMENEZ URIBE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No. 2020DCV0899** |
| | § | |
| **GEMINI TECH SERVICES LLC,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Gemini Tech Services LLC ("Defendant") hereby Answers Plaintiff Teresa Jimenez Uribe's Original Petition ("Petition") as follows.

### GENERAL DENIAL

1. Defendant denies all allegations in the Petition.

2. Defendant reserves the right to supplement or amend this Answer as appropriate.

### AFFIRMATIVE DEFENSES

3. The Court lacks subject matter jurisdiction over Plaintiff's claims.

4. Plaintiff's claims are time-barred.

5. Plaintiff failed to timely exhaust her administrative remedies under Chapter 21 of the Texas Labor Code ("Chapter 21").

6. Plaintiff's claims under Chapter 21 are limited by the scope of her charge of discrimination.

7. To the extent that Plaintiff seeks to recover under Chapter 21 for claims not raised in an underlying charge of discrimination or claims not timely filed in her charge, Plaintiff's claims are barred.

8. Defendant has made good faith efforts to comply with Chapter 21 and all other state and federal laws.

9. All conduct with respect to Plaintiff was at all times reasonable.

10. All employment actions taken with respect to Plaintiff were based upon job-related factors and were consistent with business necessity.

11. All actions taken with respect to Plaintiff were justified and/or privileged.

12. All employment actions taken with respect to Plaintiff were taken for legitimate, nondiscriminatory, nonretaliatory business-related reasons and not for any unlawful reason.

13. Any employment action taken by Defendant would have been taken in the absence of any impermissible factor.

14. Defendant had in place reasonable procedures to prevent and correct discrimination and retaliation, and Plaintiff unreasonably failed to take advantage of those measures.

15. Plaintiff has failed to mitigate her damages.

16. Plaintiff's claims for front pay and back pay must be offset by any interim earnings of Plaintiff and by any unemployment insurance benefits paid to Plaintiff, and by any workers compensation benefits paid to Plaintiff.

17. Plaintiff's damages and other requests for relief are limited by Sections 21.258 and 21.2585 of Chapter 21.

## PRAYER

Defendant requests that Plaintiff's Petition be dismissed with prejudice, that Plaintiff take nothing by this lawsuit, that the Court assess costs against Plaintiff, that the Court award Defendant its attorney fees, and that Defendant receive all other relief to which it may be entitled.

Respectfully submitted,

**AINSA HUTSON HESTER & CREWS, L.L.P.**

5809 Acacia Circle
El Paso, Texas 79912
(915) 845-5300
(915) 845-7800 - Fax

By:    */s/ Gerald G. Howard*
       **GERALD G. HOWARD**
       State Bar No. 24032309
       ghow@acaciapark.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2020, I electronically filed the foregoing with the Clerk of the Court which will send notification of such filing to Jonathan L.R. Baeza, Attorney for Plaintiff, Martinez & Martinez Law Firm, PLLC, 730 E. Yandell Dr., El Paso, Texas 79902, jonathan@martinezlawyers.com.

       */s/ Gerald G. Howard*
       GERALD G. HOWARD

# Exhibit B

# Declaration of Francis Ward

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| TERESA JIMENEZ URIBE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-20-CV-_____ |
| | § | |
| GEMINI TECH SERVICES LLC, | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF FRANCIS WARD

I, FRANCIS WARD, hereby declare:

1.      Unless otherwise stated, I have personal knowledge of the facts stated herein, and if called as a witness, I could and would competently testify thereto.

2.      Gemini Tech Services LLC ("GTS") is a government contractor that provides contract services to federal, state and local government agencies.   In 2017 and 2018 I was employed by GTS as Associate Project Manager for GTS on Fort Bliss, Texas.   In that capacity, I supervised GTS' provision of administrative services on Fort Bliss under a contract with Fort Bliss.   I had the authority to hire and fire GTS employees under my supervision.   The GTS office on Fort Bliss was in Building 60, Doniphan Road, Fort Bliss, Texas, 79916 on main post.   Building 60 is also occupied by the Soldier Resiliency and Readiness Center.   See attached map at Exhibit 1.

3.      During 2017 and 2018, Teresa Jimenez Uribe was also employed by GTS as a Personnel Specialist under my supervision providing administrative support related to personnel records of soldiers from reserve component units during mobilization for and demobilization from active duty mission assignments.   This support was mission critical.   Ms. Uribe performed her job duties on Fort Bliss.

1

4.      On or about April 14, 2018, I met with Ms. Uribe and her team lead in the GTS office in Building 60 at which time Ms. Uribe notified us that she would need medical leave for surgery starting early May 2018 and lasting about a month.   I told Ms. Uribe at that meeting that during her medical leave she would be changed from a full time slot to a part time slot while on leave, and then would return to full time when she was able to return to work.   The purpose for this action was to ensure GTS could maintain full time manning in a mission critical section.

5.      Ms. Uribe began her leave on or about May 1, 2018.   Several times Ms. Uribe's doctor extended the period during which Ms. Uribe was unable to return to work.   By August 10, 2018 the doctor extended the restriction to last until October 31, 2018.   Because her leave was expected to last so much longer, I decided to terminate Ms. Uribe's employment so that GTS could meet mission critical manning requirements.   I made this decision while I was in the GTS office in Building 60 on Fort Bliss.   On August 16, 2018, I notified Ms. Uribe by phone from the GTS office in Building 60 that her employment was terminated.   Ms. Uribe never returned to work with GTS after her leave began in May 2018.

6.      I do not recall Ms. Uribe specifically requesting any accommodations for any disability.   I do recall discussing her need for medical leave to start on or about May 1, 2018, initially granting her request, and allowing her to remain on leave until August 16, 2018.   I made these decisions while I was in Building 60 on Fort Bliss.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16 day of April, 2020, at El Paso, Texas.

FRANCIS WARD

2



Google Maps    Soldier Resiliency And Readiness Center

Map data ©2020    1000 ft



# Soldier Resiliency And Readiness Center

3.5 ★★★★ (13)
Government office


Directions


Save


Nearby


Send to your phone


Share

📍 60 Doniphan Rd, Fort Bliss, TX 79916

⠿ RH48+FJ Fort Bliss, Texas

🕐 Closing soon: 6:30AM–5PM ∨

Exhibit 1